**Larry GEORGE and Paul Nigl,**
**Plaintiffs–Appellants,**

v.

**ISLAMIC REPUBLIC OF IRAN,**
**et al., Defendants–Appellees.**

No. 02–3195.

United States Court of Appeals,
Seventh Circuit.

Submitted April 8, 2003.*

Decided April 16, 2003.

Before EASTERBROOK, ROVNER,
and EVANS, Circuit Judges.

ORDER

In response to the events of September 11, 2001, President Bush declared a "war on terrorism." Larry George, Paul Nigl, and Richard Brevitz, all Wisconsin inmates, filed this suit in district court, with the purported intention of lending a hand in that war. Invoking 28 U.S.C. § 1605, 18 U.S.C. § 2333, and a host of other provisions that they interpreted as creating civil liability for acts of terrorism, the inmates named over 50 defendants—including Iran, Iraq, Syria, the Sudan, Libya, Al Qaida, the Taliban, several known or suspected terrorists currently in U.S. custody, and a number of banks and relief

---

* The appellees in this case chose not to file a brief or otherwise participate in the appeal. After an examination of the appellants' brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellants' brief and the record. *See* Fed. R.App. P. 34(a)(2).

organizations suspected of funneling funds to terrorist organizations—and requested millions of dollars in compensatory and punitive damages. Before any of the defendants filed an answer, the district court *sua sponte* dismissed the case for want of subject matter jurisdiction based on lack of standing, and denied the subsequent motion for reconsideration. George and Nigl appeal, and we affirm.[1]

On appeal, George and Nigl argue that the district court should not have dismissed their case until after the defendants had responded to the complaint and then only after allowing them to amend the complaint to establish subject matter jurisdiction. A court must address potential jurisdictional problems *sua sponte* at whatever point they arise in the proceedings. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir.2002). But we generally discourage district courts from *sua sponte* dismissing a complaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend. *Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir.2001). Such a dismissal is improper unless the jurisdictional defect is incurable. *Id.*

Failure to establish standing is a jurisdictional defect, *Lewis v. Casey*, 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir.2000), and, in this case, the defect is incurable. Not only have George and Nigl failed to establish standing, but they would be unable to allege facts sufficient to do so if given the opportunity to amend their complaint. Standing is a threshold requirement imposed by Article III of the Constitution, which limits federal subject matter jurisdiction to claims that present an actual case or controversy in whose outcome a plaintiff has a "personal stake." *Perry*, 222 F.3d at 313. A plaintiff has a "personal stake," and thus can establish standing, only if he has suffered an injury in fact. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 844, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665 (7th Cir. 2001); *Freedom From Religion Found., Inc. v. Bugher*, 249 F.3d 606, 609 (7th Cir.2001). An injury in fact is actual or imminent, not speculative, and concrete and particularized, not abstract. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 527–28 (7th Cir. 2001).

George and Nigl argue that the defendants have inflicted an injury in fact by conspiring, threatening, and attempting to murder them because of their status as United States citizens. But George and Nigl have never been victims of terrorist acts, and they are no more likely than the average American citizen to be victims of future attacks. The injury they allege is purely speculative. As the district court noted, the inmates' "injury" amounts to nothing more than a generalized fear of terrorism that is shared by many if not most Americans. An interest that a plaintiff holds in common with society at large is too abstract to constitute an injury in fact and is thus insufficient to confer standing. *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *Rif-*

---

1. Although Brevitz's name is listed on the notice of appeal, he never signed it. When he filed the notice of appeal, George wrote a letter stating that, because of time limitations, Brevitz would send a letter to the court indicating his desire to join in the appeal. But this court has received no such letter or any other documentation from Brevitz, and thus he lacks standing to appeal.

*kin v. Bear Stearns & Co.*, 248 F.3d 628, 632 (7th Cir.2001).

AFFIRMED.